JOHN R. MANNING
Attorney at Law
4005 Manzanita Ave, Ste. 6-8
Carmichael, CA 95608
(916) 444-3994
jmanninglaw@yahoo.com

Attorneys for Defendant
Tanya Duerelle Lawson

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>              v.<br><br>MULAN PRECIOUS KEOPHIMANH,<br>GUADALUPE MANUEL CERVANTES,<br>    aka "Pep" and<br>TANYA DUERELLE LAWSON,<br><br>                              Defendants. | CASE NO.  2:24-CR-00164 DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER<br><br>DATE:    June 5, 2026<br>TIME:     9:30 a.m.<br>COURT:  Hon. Dena M. Coggins |

**STIPULATION**

1.      By previous order, this matter was set for status conference on June 5, 2026, at 9:30 a.m., before the Honorable Dena M. Coggins.

2.      By this stipulation, the parties now move to continue the status conference until August 28, 2026, and to exclude time between June 5, 2026, and August 28, 2026, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

        a)      Discovery associated with this case and produced to date includes reports, photographs, audio and video, and voluminous Title III wire and electronic intercepts, which have been either produced directly to counsel and/or made available for inspection and copying. (In gross terms, the government has thus far produced 2000[+] pages of pdfs and over 300 native files.)

        b)      The government, in response to defense counsels' informal discovery requests, has recently provided additional materials – approximately 200 pages of pdfs and several videos.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

The provided materials are, in general, law enforcement documents related to vehicle stops involving (separately) Ms. Lawson and Ms. Keophimanh.

Counsel for Ms. Lawson and Ms. Keophimanh need additional time to review the recently provided materials; evaluate what, if any, response is appropriate in terms of the government's response to defense counsels' informal discovery requests; and, interview, retain and meet with defense experts in anticipation of setting briefing schedules for suppression motions on behalf of Ms. Lawson and Ms. Keophimanh.

c)    As such, counsel for defendants desire additional time to consult with their respective clients, review the current charges, conduct investigation and research related to the charges, review discovery for this matter, and to otherwise prepare for trial.  Defense counsel will also need additional time to review the materials provided by the government in response to the informal discovery requests.  Counsel for the defendants believe that the failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)    The government does not object to the continuance.

e)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 5, 2026 to and including August 28, 2026, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

Dated:  June 2, 2026                     /s/  SHARI RUSK
                                         SHARI RUSK
                                         Counsel for Defendant
                                         MULAN PRECIOUS KEOPHIMANH


Dated:  June 2, 2026                     /s/  PHILLIP COZENS
                                         PHILLIP COZENS
                                         Counsel for Defendant
                                         GUADALUPE MANUEL CERVANTES


Dated:  June 2, 2026                     /s/  JOHN R. MANNING
                                         JOHN R. MANNING
                                         Counsel for Defendant
                                         TANYA D. LAWSON


Dated:  June 2, 2026                       ERIC A. GRANT
                                           United States Attorney

                                           /s/ JASON HITT
                                           JASON HITT
                                           Assistant United States Attorney

## ORDER

IT IS HEREBY ORDERED as to Mulan Precious Keophimanh, Guadalupe Manuel Cervantes, and Tanya Duerelle Lawson, the court, having received, read and considered the parties' stipulation filed on June 3, 2026 (Doc. No. 176), and good cause appearing therefrom, APPROVES the parties' stipulation.  Accordingly, the Status Conference scheduled for June 5, 2026, is VACATED and RESET for August 28, 2026 at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between June 5, 2026 and August 28, 2026, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:    **June 4, 2026**

_____
Dena Coggins
United States District Judge

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4